IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | C.A. No. 06-628 |
| Interpleader Plaintiff, | Action in Statutory Interpleader |
| v. | |
| HEATHER L. ROOKS and JUDITH L. ROOKS as Trustee for B.R. and E.R. | |
| Defendants. | |

**Plaintiff's Motion for Protective Order
And to File Sealed Documents**

COMES NOW, Thrivent Financial for Lutherans ("Thrivent"), by and through undersigned counsel, with this Motion for a Protective Order ("Motion"), and respectfully requests that this Honorable Court enter a Protective Order in the form attached hereto, which seals this record by permitting the parties to file redacted documents for public view, and in support thereof states as follows:

1. On October 10, 2006, Thrivent filed the above captioned action (the "Lawsuit") in statutory interpleader, seeking a permanent injunction from defendants precluding any suit against Plaintiffs related to funds of an insurance policy payable between the defendants.

2. The Lawsuit in interpleader requires the presence of certain defendants, who are below the age of majority in the state of Delaware (the "Minor Defendants") thus implicating various additional privacy and protection laws at the federal, state and local level.

ME1\5894906.1

3.  Thrivent seeks to preserve the privacy rights of the Minor Defendants, to the extent that is required by this Honorable Court and other applicable federal, state and local law.

4.  The Lawsuit, however, requires the disclosure and production of numerous documents which contain the personal medical and financial data of the Minor Defendants, which Thrivent must protect from the public view.

5.  Thus, Thrivent files this Motion seeking to protect the identities of the Minor Defendants and also to protect their personal medical and financial information, pursuant to the Notice Regarding Personal Information as directed by the Clerk of the Court. Plaintiff finds further support of such request as follows.

6.  The party seeking a protective order must demonstrate that 'good cause' exists for the protection of that material. Fed. R. Civ. P. 26(c); *Panzy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Good cause is established when the moving party demonstrates that disclosure will likely cause a defined, serious injury. *See Glenemede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)(*citing id.*). Although broad allegations of harm, unsubstantiated by specific examples, will not suffice, the *Panzy* Court recognized several factors that should be considered when examining the existence of good cause:

> (i) whether disclosure will violate any privacy interests;
> (ii) whether the information is being sought for a legitimate purpose or for an improper purpose;
> (iii) whether disclosure of the information will cause a party embarrassment;
> (iv) whether confidentiality is being sought over information important to public health and safety;
> (v) whether the sharing of information among litigants will promote fairness and efficiency;
> (vi) whether a party benefiting [sic] from the order of confidentiality is a public entity or official; and
> (vii) whether the case involves issues important to the public.

*Panzy*, 23 F.3d at 787-91.

The district court is best situated to determine what factors are relevant to the dispute and the analysis should always reflect a balancing of private versus public interests.[1]

7. In the matter at Bar, Thrivent pursues an action in interpleader regarding funds available under an insurance policy which the Minor Defendants may have a stake in. The insurance policy, and the various disputes between the defendants to this action regarding their right, title and interest to such funds, and Thrivent's interpleader action here requires the disclosure to this Honorable Court the identity of, and personal medical and financial information of the Minor Defendants (the "Disclosures"). Further, the Minor Defendants have a vested interest in retaining their anonymity until they reach the age of majority.

8. The privacy and minor laws that exist at the federal, state and local level were promulgated in the interest of protecting minors form the public disclosure of their identities, and medical and financial information. The Disclosures will remove the Minor Defendants from the various statutory protections, thus causing immediate and irreparable harm.

9. Here, disclosure of the identifies, personal medical and financial information of the Minor Defendants, without the direct consent of their legal guardians, will not only violate the Minor Defendants' privacy interests, it may likely violate federal, state and local law. The Disclosures might also cause the Minor Defendants embarrassment. Further, the release of such information to the public is not necessary for the protection of a public health or safety concern. The defendants will not be prevented from access to the Disclosure information and in fact,

---

[1] The *Panzy* Court directed that discretion should be left with the court to evaluate the competing considerations in light of the facts of individual cases and to focus upon the circumstances in the cases before them to prevent both the overly broad use of [confidentiality] orders and the unnecessary denial of confidentiality for information that deserves it…" *Panzy*, 23 F.3d at 789 (*quoting* Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv.L.Rev. 427, 492 (1991)).

already have such in formation. Finally, the Lawsuit does not concern a public official or concern any issue in the public light and the public availability of the Disclosures is not necessary to resolve this dispute.

WHEREFORE, Plaintiff prays that this Honorable Court enter a Protective Order, in the form attached hereto, designating the identities, medical and financial information of the Minor Defendants as private and sealed form the public record, and to grant all other relief which is equitable and just.

**McCARTER & ENGLISH, LLP**

/s/ Christopher A. Selzer

By:_____

A. Richard Winchester (DE Bar ID #2641)
Christopher A. Selzer (DE Bar ID #4305)
919 North Market Street
Suite 1800
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorney for Plaintiff,
Thrivent Financial for Lutherans

OF COUNSEL

Robert P. Lesko
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Dated: October 11, 2006

4

ME1\5894906.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | C.A. No. 06-628 |
| Interpleader Plaintiff, | Action in Statutory Interpleader |
| v. | |
| HEATHER L. ROOKS and JUDITH L. ROOKS as Trustee for B.R. and E.R., | |
| Defendants. | |

# P R O T E C T I V E
# O R D E R

NOW BEFORE THE COURT HAVING CONSIDERED Plaintiffs' Motion for Protective Order (D.I. __), this matter having been opened to the Court by, Thrivent Financial for Lutherans ("Thrivent"); and good cause appearing,

**IT IS** on this ___ day of October, 2006 **ORDERED:**

a.  All pleadings and other documents filed of public record in the above captioned matter shall be filed according to the Notice Regarding Personal Information as directed by the Clerk of the Court and as follows:

1.  The filing party shall file with the Clerk of the Court two copies of the original un-redacted document ("Original"), and a copy of the public version of the document redacting all information regarding the identity, medical and financial information of the Minor Defendants ("Public Document");

2.  The Clerk of the Court shall thereafter post for the public, only the Public Document and shall thereafter maintain, under seal, the Original;

3.  The parties shall serve among each other the Original and the Public Document, but are directed to prevent from disclosure to the public, any Original document;

4.  This Order shall remain in effect until such time as any party hereafter asserts, by motion, and for good cause shown, why this Order should be discontinued.

IT IS SO ORDERED.

_____

The Honorable

ME1\5894940.1