IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>HEATHER L. ROOKS and JUDITH L. ROOKS as Trustee for REDACTED and REDACTED<br><br>Defendants. | C.A. No. 0 6 - 6 2 8<br><br>Action in Statutory Interpleader<br><br>PUBLIC VERSION |

**PLAINTIFF'S BRIEF IN SUPPORT OF ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE GRANTED A JUDGMENT IN INTERPLEADER AND AWARDED ITS COSTS AND REASONABLE COUNSEL FEES**

McCARTER & ENGLISH, LLP
A. Richard Winchester (#2641)
919 North Market Street
Suite 1800
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300 Attorneys for Plaintiff,
Thrivent Financial for Lutherans

Of Counsel:

MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Dated: October 10, 2006

ME1\5892532.1

# TABLE OF CONTENTS

Nature and stage of proceedings ................................................................................................. 2

Legal Argument ............................................................................................................................ 5

    I.    PLAINTIFF IS ENTITLED TO JUDGMENT IN INTERPLEADER ................... 5

    II.   Plaintiff IS ENTITLED TO INJUNCTIVE RELIEF. ........................................... 5

    III.  PLAINTIFF IS ENTITLED TO ITS COSTS, INCLUDING A
REASONABLE COUNSEL FEE, OUT OF THE FUND IN COURT ................... 6

CONCLUSION ............................................................................................................................. 8

ME1\5892532.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A/S Krediit Pank v. The Chase Manhattan Bank*, 303 F.2d 648 (2d Cir. 1962) .................. 3

*Aetna Life Insurance Co. v. Outlaw*, 411 F. Supp. 824 (D. Md. 1976) ............................. 3

*American- Hawaiian S.S. Co. v. Bowring & Co.*, 150 F. Supp. 449 (S.D.N.Y. 1957) ...................................................................................................................... 2

*Bierman v. Marcus*, 246 F.2d 200 (3d Cir. 1957), cert. denied, 356 U.S. 933 (1958) ......................................................................................................................... 2

*Commercial Union Insurance Co. v. Adams*, 231 F. Supp. 860 (S.D. Ind. 1964) ............. 2

*Davis v. Prudential Insurance Co.*, 331 F.2d 346 (5th Cir. 1964) ................................. 3, 4

*Dombrowski v. Pfister*, 380 U.S. 479, 85 S. Ct. 1116, 14 L. Ed. 2d 22 (1965) .................. 3

*DuPont v. Sheen*, 324 F.2d 3 (3d Cir. 1963) ..................................................................... 3

*First National Bank v. Fleming*, 10 F.R.D. 159 (D.N.J. 1950) .......................................... 2

*Geler v. National Westminster Bank*, 763 F. Supp. 722 (S.D.N.Y. 1991) ......................... 3

*General Railway Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir. 1991) .......................... 3

*Koehring Co. v. Hyde Construction Co.*, 424 F.2d 1200 (7th Cir. 1970) .......................... 2

*Metropolitan Life Insurance Co. v. Jackson*, 896 F. Supp. 318 (S.D.N.Y. 1995) .............. 3

*NY Life Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371 (3d Cir. 1995) ............. 2

*Railway Express Agency v. Jones*, 106 F.2d 341 (7th Cir. 1939) ...................................... 2

*Sotheby's Inc. v. Garcia*, 802 F. Supp. 1058 (S.D.N.Y. 1992) ........................................... 2

*The MacCabees v. Axelrad*, 177 F. Supp. 723 (E.D.N.Y. 1959) ........................................ 3

*Travelers Indemnity Co. v. Crown Cork & Seal*, 865 F. Supp. 1083 (S.D.N.Y. 1994) ........................................................................................................................ 2

*Treinies v. Sunshine Mining Co.*, 99 F.2d 651 (9th Cir. 1938), aff'd, 308 U.S. 66 (1939) ......................................................................................................................... 3

ME1\5892532.1

*United States v. Estate of Swan*, 441 F.2d 1082 (5th Cir. 1971) ........................................ 2

**DOCKETED CASES**

*In Re the Marriage of Judith Lynne Rooks v. Glenn Irvins Rooks, Sr.*, Petition No. 669-90 ........................................................................................................................ 1

**FEDERAL STATUTES**

28 U.S.C. § 1335 ................................................................................................................ 2

ME1\5892532.1

## NATURE AND STAGE OF PROCEEDINGS

This is an action in interpleader arising out of conflicting claims to the proceeds of a Policy of Life Insurance, number 2306144 (hereinafter "the Policy", Exhibit A to the Complaint filed herewith) issued to Glenn I. Rooks, Sr. ("Glenn, Sr."). Defendants each have made a conflicting claim to the proceeds. Plaintiff Thrivent Financial for Lutherans ("Thrivent") has no interest in the proceeds and fears that payment to one or the other defendant will expose it to liability for multiple payments. Therefore, Thrivent seeks relief in interpleader, allowing it to deposit the funds with the Court and requiring the defendants to litigate their conflicting claims.

## FACTUAL BACKGROUND

The deceased, Glenn, Sr., passed away on or about August 8, 2006. *See* Ex. B to Complaint filed herewith, Death Certificate. Prior to his death, in or about May 2006, Glenn Sr. submitted a change of beneficiary form naming his daughter, defendant, Heather L. Rooks ("Heather"), as primary beneficiary and his children, **REDACTED**

**REDACTED** as first contingent beneficiaries.

In June 2006, Judith L. Rooks ("Judith") wrote to Thrivent to advise it of her position that any change of beneficiary is invalid in light of the terms of a Stipulation and Order entered on or about April 8, 1991 in the matter entitled *In Re the Marriage of Judith Lynne Rooks v. Glenn Irvins Rooks, Sr.*, Petition No. 669-90. The Stipulation and Order contains the following provision regarding life insurance:

> Respondent [Glenn, Sr.] has a $50,000.00 life insurance policy
> with Lutheran Brotherhood [the predecessor to Thrivent].
> Respondent agrees not to cash in, withdraw any of the proceeds or
> take a loan against said policy until after his youngest child attains
> the age of 21. Respondent furthermore agrees to name his

2

> children, Brigett and Evan, as beneficiaries under this policy, naming Judith Rooks as Trustee of each child's share until each child attains the age of 21.

*See* Ex. C to the Complaint filed herewith, Stipulation and Order.

Based upon the Stipulation and Order, defendant Judith contends that the proceeds of the Policy should be paid to her, as Trustee, and that the change of beneficiary form naming Heather as primary beneficiary is invalid. *See* Ex. D to the Complaint filed herewith, June 30, 2006 letter from Judith. Judith has demanded payment of the proceeds to her, as Trustee. Heather, in direct contrast, contends that the May 2006 change of beneficiary "is a legal, binding contract that supersedes the divorce decree/settlement with Judith Rooks." *See* Ex. E to the Complaint filed herewith, September 6, 2006 letter from Heather.

Defendants, Heather Rooks and Judith Rooks, present rival and conflicting claims and are unable to resolve their conflicting claims for the benefits of the Policy between themselves. By reason of the conflicting claims, Thrivent is unable to determine the rights of each of the claimants and is in great doubt as to which claimant is entitled to be paid the benefits. As a result, Thrivent is exposed to conflicting claims and potential multiple liability in the event it pays proceeds to the wrong party.

Thrivent has no adequate measures or remedies to resolve the issues presented in this case.

## SUMMARY OF ARGUMENT

Pursuant to 28 U.S.C. §1335, Plaintiff is entitled to an Order from this Honorable Court in the exercise of its statutory authority in interpleader which relieves Plaintiff, in the form of a permanent injunction, from any further liability or responsibility associated with funds paid pursuant to the Policy. The controversy surrounding the distribution of such funds as payable

3

MEI\5892532.1

under the Policy is real as between the defendants and may involve a multiplicity of suits as between them, which Plaintiff has no stake in the outcome. Without the relief requested, including injunctive relief, Plaintiff will be subjected to the ongoing threat of protracted litigation and a multiplicity of suits. As a result of the necessity of this action Plaintiff is entitled to costs and attorneys' fees associated with its interpleader complaint and this Motion, payable out of funds paid into a fund controlled by the Court pursuant to F.R.C.P. 67 and Local Rule 67.2.

ME1\5892532.1

## LEGAL ARGUMENT

### I. PLAINTIFF IS ENTITLED TO JUDGMENT IN INTERPLEADER

Pursuant to 28 U.S.C. § 1335, this Court is empowered to discharge a plaintiff in an interpleader action from any further liability with respect to a fund paid into the registry of the Court. Indeed, where a stakeholder of a fund can demonstrate that there exist two or more claimants who are citizens of different states, and who make an adverse claim to the fund in excess of $500, his right to the remedy of interpleader is not discretionary with the Court, but is absolute. NY Life Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 374-75 (3d Cir. 1995); Railway Express Agency v. Jones, 106 F.2d 341, 344 (7th Cir. 1939); American-Hawaiian S.S. Co. v. Bowring & Co., 150 F. Supp. 449 (S.D.N.Y. 1957); see, e.g., Koehring Co. v. Hyde Constr. Co., 424 F.2d 1200, 1204 (7th Cir. 1970).

Moreover, a stakeholder is entitled to a judgment in interpleader irrespective of the validity of the claims. Bierman v. Marcus, 246 F.2d 200, 202 (3d Cir. 1957), cert. denied, 356 U.S. 933 (1958); Travelers Indem. Co. v. Crown Cork & Seal, 865 F. Supp. 1083, 1087 (S.D.N.Y. 1994); Sotheby's Inc. v. Garcia, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992); First Nat'l Bank v. Fleming, 10 F.R.D. 159, 160 (D.N.J. 1950).

In this case there can be no dispute that Thrivent is a stakeholder of a fund that has been claimed by two or more adverse claimants. Irrespective of the validity of those claims, Thrivent is entitled to a judgment in interpleader discharging it from any further liability regarding the Policy.

### II. PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF.

The purpose of interpleader is to protect a stakeholder from double liability, United States v. Estate of Swan, 441 F.2d 1082, 1085 (5th Cir. 1971), to prevent a multiplicity of suits and circuity of actions, Commercial Union Ins. Co. v. Adams, 231 F. Supp. 860, 861 (S.D. Ind.

5

1964), and to protect a stakeholder from double vexation in respect to a single liability, DuPont v. Sheen, 324 F.2d 3, 4 (3d Cir. 1963).

To effectuate these purposes, the federal district courts are empowered to restrain adverse claimants from instituting or prosecuting any proceeding in the courts of any state or of the United States concerning the obligations involved. *See* General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 707 (7th Cir. 1991) (court in interpleader action may stay pending state actions under exception to Anti-injunction Act as "necessary in aid of its jurisdiction"); Geler v. National Westminster Bank, 763 F. Supp. 722, 727 (S.D.N.Y. 1991) (same); Dombrowski v. Pfister, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L. Ed. 2d 22 (1965) (holding that Anti-injunction Act does not preclude injunctions against the institution of state court proceedings not yet filed).

In this case, Thrivent has received adverse claims to the death benefits under the Policy and is threatened with litigation. In order for the remedy of interpleader to be effective, this Court should permanently enjoin the defendants from prosecuting any other proceedings in the courts of any state or of the United States concerning the obligation involved in this action.

### III.   PLAINTIFF IS ENTITLED TO ITS COSTS, INCLUDING A REASONABLE COUNSEL FEE, OUT OF THE FUND IN COURT

It is well settled that a party instituting an action in interpleader to determine conflicting claims to a specific fund is entitled to recover its costs and attorneys' fees. Treinies v. Sunshine Mining Co., 99 F.2d 651, 655 (9th Cir. 1938), aff'd, 308 U.S. 66 (1939); A/S Krediit Pank v. The Chase Manhattan Bank, 303 F.2d 648, 649 (2d Cir. 1962); Metropolitan Life Ins. Co. v. Jackson, 896 F. Supp. 318, 324-25 (S.D.N.Y. 1995); The MacCabees v. Axelrad, 177 F. Supp. 723, 725 (E.D.N.Y. 1959). The proper source for the payment of these expenses is the fund deposited into the court. Davis v. Prudential Ins. Co., 331 F.2d 346, 349 (5th Cir. 1964).

6

ME1\5892532.1

In <u>Aetna Life Insurance Co. v. Outlaw</u>, 411 F. Supp. 824, 826-27 (D. Md. 1976), the court allowed payment of attorneys' fees to the plaintiff insurer, noting that plaintiff in interpleader, by seeking resolution of multiple claims to the proceeds, benefits the claimants. Thus, it is appropriate that the expenses be paid out of the fund and that plaintiff not have to absorb attorneys' fees in avoiding the possibility of multiple litigation.

Accordingly, this Court should exercise its discretion and make an allowance for costs, including reasonable counsel fees, incurred by Thrivent as the innocent stakeholder in this matter. *See*, *e.g.*, <u>Davis v. Prudential Ins. Co.</u>, 331 F.2d at 349 (affirming payment of costs and legal fees incurred by group life insurer which filed interpleader action to resolve conflicting claims to proceeds due under group life policy).

## CONCLUSION

For the reasons stated, an Order granting plaintiff Thrivent Financial for Lutherans judgment in interpleader should be entered by this Court, discharging Thrivent from any and all liability regarding claims under the Group Policy arising from the death of Glenn I. Rooks, Sr., enjoining defendants from proceeding in any other courts, and awarding Thrivent its costs, including a reasonable counsel fee, out of the fund deposited in Court.

**McCARTER & ENGLISH, LLP**

By: _____
A. Richard Winchester (DE Bar ID #2641)
919 North Market Street
Suite 1800
P.O. Box 111
Wilmington, Delaware 19899
(302) 984-6300
Attorneys for Plaintiff,
Thrivent Financial for Lutherans


OF COUNSEL

Robert P. Lesko
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Dated: October 10, 2006