IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS )<br>)<br>Interpleader Plaintiff, )<br>)<br>)<br>)<br>HEATHER L. ROOKS, JUDITH L. ROOKS, )<br>as Trustee for **REDACTED**, BRIDGETT )<br>ROOKS, and DOHERTY FUNERAL )<br>HOMES, INC. )<br>)<br>Defendants. ) | C.A. No. 06-628 (JJF)<br><br>Action in Statutory Interpleader<br><br>**REDACTED PUBLIC VERSION** |

### ANSWER AND CROSS-CLAIM IN INTERPLEADER
### OF DEFENDANT HEATHER L. ROOKS

Defendant Heather L. Rooks ("Rooks") hereby answers the second amended complaint for interpleader of plaintiff Thrivent Financial for Lutherans and states the following cross-claim to the interpled funds:

### ANSWER

1. Rooks neither admits nor denies the allegations of Paragraph 1 inasmuch as it sets forth legal conclusions, rather than statements of fact, which requires no answer.

2. Rooks neither admits nor denies the allegations of Paragraph 2 inasmuch as it sets forth legal conclusions, rather than statements of fact, which requires no answer.

3. Rooks has insufficient information and/or knowledge to admit or deny the allegations of Paragraph 3.

4. Admitted that Rooks is an adult resident of the State of Delaware. Rooks neither admits nor denies the remaining allegations of Paragraph 4 inasmuch as it sets forth legal conclusions, rather than statements of fact, which requires no answer.

Admitted, upon information and belief, that Defendant, Judith L. Rooks is an adult resident of the State of Florida. Rooks neither admits nor denies the remaining allegations of this unnumbered paragraph inasmuch as it sets forth legal conclusions, rather than statements of fact, which requires no answer.

5. Admitted, upon information and belief, that Defendant, Bridgett Rooks is an adult resident of the State of Florida. Rooks neither admits nor denies the remaining allegations of Paragraph 5 inasmuch as it sets forth legal conclusions, rather than statements of fact, which requires no answer.

6. Rooks has insufficient information and/or knowledge to admit or deny the allegations of Paragraph 6.

7. Admitted.

8. Admitted.

9. Admitted.

10. The letter speaks for itself.

11. The document speaks for itself.

12. The letter speaks for itself.

13. Admitted, upon information and belief.

14. The letter speaks for itself.

15. The document speaks for itself. Rooks has insufficient information and/or knowledge to admit or deny the remaining allegations of Paragraph 15.

16. Admitted, upon information and belief.

17. Denied as stated. Rooks and Defendant Judith Rooks have conflicting claims to the

policy benefits, however, Rooks consents to the claim of Defendant, Doherty Funeral Homes being paid from the policy benefits.

18. Admitted.

19. Admitted.

20. Denied only inasmuch as Thrivent requested it's legal fees to be paid from the disputed benefits, otherwise Admitted.

## CROSS-CLAIM

### Count I

21. The Stipulation and Order referred to in Paragraph 11 of the second amended complaint and attached thereto as Exhibit C was not violated as a result of the aforementioned change in beneficiary, as the decedent's children, Defendant, Bridgett Rooks and **REDACTED**, were named as contingent beneficiaries of the subject policy.

22. Rooks is entitled to the proceeds of the subject policy in that the change in beneficiary completed by the decedent, which names Rooks as the primary beneficiary, is valid and binding.

### Count II

23. The decedent's estate is insolvent and, as such, there are no funds available to pay the claim of Doherty Funeral Homes for his funeral expenses.

24. In the event the Court finds the aforementioned change in beneficiary to be invalid, Rooks, alternatively, avers that the claim of Doherty Funeral Homes should be paid from the proceeds of the subject policy.

WHEREFORE defendant and cross-claimant Rooks respectfully requests that the Court enter orders:

a) granting the relief sought in the complaint;

b) entering judgment in Rooks' favor and directing the payment of the sums deposited with the Court to Rooks;

c) in the alternative, allowing the claim of Doherty Funeral Home to be paid from the proceeds of the subject policy; and

d) granting such other relief as the Court deems just.

Dated: June 12, 2007                            FERRY, JOSEPH & PEARCE, P.A.


 /s/ David J. Ferry, Jr.
David J. Ferry, Jr., Esq. (No. 2149)
Lisa L. Coggins, Esq. (No. 4234)
824 Market Street, Suite 904
Wilmington, DE 19801
Tel: (302) 575-1555
Fax: (302) 575-1714
Attorneys for Defendant, Heather L. Rooks

## CERTIFICATE OF SERVICE

I, David J. Ferry, Jr., Esquire, certify that on this 12th day of June, 2007, I caused a copy of the foregoing Answer and Cross-Claim in Interpleader of Defendant Heather L. Rooks to be served upon the following parties in the manner indicated:

**By First Class Mail:**

Judith L. Rooks as
Trustee for **REDACTED**
4171 Dunraven Ln.
Jacksonville, FL 32223

Bridgett Rooks
4171 Dunraven Ln.
Jacksonville, FL 32223

Doherty Funeral Homes, Inc.
1900 Delaware Avenue
Wilmington, DE 19806

        /s/ David J. Ferry, Jr.
    David J. Ferry, Jr., Esquire (No. 2149)